J-S02018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE HEYWARD | : | |
| | : | |
| Appellant | : | No. 2850 EDA 2015 |

Appeal from the Judgment of Sentence June 27, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004475-2011

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                     **FILED FEBRUARY 27, 2018**

Appellant Terrance Heyward appeals *nunc pro tunc* from the judgment

of sentence imposed after a jury found him guilty of first-degree murder[1] and

related offenses for possessing a firearm.[2]  Appellant claims that the evidence

was insufficient to establish that he shot and killed the decedent.  We affirm.

The trial court has set forth a full summary of the evidence presented

at trial, **see** Trial Ct. Op., 9/22/16, at 3-24, and we briefly review the facts

relevant to this appeal.  On February 23, 2006, the decedent, Hasson Walker,

was shot and killed inside Gorman's Tavern in Philadelphia.  Joel Gardner, who

was inside the bar at the time of the shooting, gave two written and signed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. §§ 907(a), 6106, 6108.

statements to police and also testified at trial. In his first statement to police, on February 24, 2006, Gardner indicated that he could not see who shot Walker. However, he indicated that before the shooting, he saw Bobby Mincey and "Black," a nickname for Appellant, outside of the bar. Gardner stated that although Appellant was wearing a hoody pulled up tight against his face, he was still able to recognize Appellant. Gardner further identified Appellant as "Black" from among several photographs presented to him by police. In his second statement to police, on March 28, 2006, Gardner stated that he "saw 'Black' shoot Hasson [Walker]." N.T. Trial Vol. 2, 6/21/12, at 82-83. When asked whether he was sure that Black was the shooter, Gardner responded, "Yes." *Id.* at 86. At trial, Gardner denied making the second statement identifying Appellant as the shooter.

Mincey, who was outside of the bar with Appellant before the shooting, also gave two statements to police and testified at trial. In his second statement to police, Mincey described a dispute between Appellant and Walker. Mincey acknowledged that he was with Appellant outside the bar, but stated that he went inside the bar and then went to the bathroom to smoke marijuana. Mincey exited the bathroom after hearing gunshots and heard Gardner state, "Black did that shit[.]" N.T. Trial Vol. 1, 6/20/12, at 113. Mincey also recanted this statement to police, asserting he was threatened by police when giving his second statement.

On June 27, 2012, the jury found Appellant guilty of first-degree murder and related offenses for possessing a firearm. That same day, the trial court

sentenced Appellant to serve life imprisonment. Appellant filed a post-sentence motion, which the trial court denied on September 6, 2012. Appellant did not take a direct appeal.

On June 28, 2013, Appellant timely filed a *pro se* Post Conviction Relief Act[3] ("PCRA") petition seeking reinstatement of his direct appeal rights. Following the appointment of counsel and the filing of an amended PCRA petition, the PCRA court granted relief on September 18, 2015. Appellant timely filed a notice of appeal *nunc pro tunc* and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion. This appeal followed.

Appellant raises a single issue for review:

The Commonwealth did not prove beyond a reasonable doubt that [A]ppellant was guilty of the charges of murder, firearms not to be carried without a license and possession of instrument of a crime because the identification of him as the shooter was based on speculation by Joel Gardner who did not actually see the shooter.

Appellant's Brief at 4.

Appellant's sole contention is that the identification evidence was not worthy of belief. Appellant asserts that Gardner could not reliably identify Appellant as the shooter because the shooter had a hoody "pulled tight against his face." *Id.* at 17. Appellant asserts that the record is too uncertain to credit Gardner's second statement to police because the shooter's face would

---

[3] 42 Pa.C.S. §§ 9541-9546.

have been obscured by his hoody and Gardner could have misidentified him because he saw him talking with Mincey before the shooting. ***Id.***

The standard governing a review of the sufficiency of the evidence is well-settled:

> In reviewing whether the evidence was sufficient to support a jury's findings to this effect, this Court considers whether the evidence, viewed in the light most favorable to the Commonwealth, is sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. In applying this standard, we bear in mind that . . . the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

***Commonwealth v. Cousar***, 928 A.2d 1025, 1032-33 (Pa. 2007) (citations omitted).

"Prior inconsistent statements, which meet the requirements for admissibility under Pennsylvania law, must . . . be considered by a reviewing court in the same manner as any other type of validly admitted evidence when determining if sufficient evidence exists to sustain a criminal conviction." ***Commonwealth v. Brown***, 52 A.3d 1139, 1171 (Pa. 2012) (footnote omitted). "[E]vidence of identification need not be positive and certain to sustain a conviction. . . . Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight." ***Commonwealth v. Orr***, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*) (citations and quotation marks omitted).

Instantly, the Commonwealth admitted Gardner's prior inconsistent statements to police as substantive evidence. In his first statement, Gardner

- 4 -

stated that he did not see the shooter, but identified Appellant by his nickname "Black" as an individual outside of the bar. In his second statement, Gardner admitted that he was not completely truthful when he was first interviewed and then told the police that he "saw 'Black' shoot" Walker. N.T. Trial Vol. 2 at 83. This evidence, when read in a light most favorable to the Commonwealth, was sufficient for the jury to make a reasoned determination that Gardner saw Appellant shoot Walker. *See Brown*, 52 A.3d at 1171; *Orr*, 38 A.3d at 874.

Appellant's remaining assertions that Gardner could not have seen the shooter go to the weight rather than the sufficiency of the identification evidence. *See Orr*, 38 A.3d at 874. Thus, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/18

- 5 -